IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEAN LAVELLE,

    Plaintiff,

v.

PHOENIX ACQUISITION GROUP, L.L.C.,

    Defendant.

CIVIL ACTION NO. 3:09-CV-2350

(JUDGE CAPUTO)

## ORDER

Currently before the Court is Plaintiff's Motion to Strike (Doc. 5) Defendant's Answer (Doc. 4). Plaintiff argues that a corporation may not proceed *pro se* and that the Defendant's Answer is not signed by counsel. While Plaintiff erroneously identifies Phoenix Acquisition Group as a corporation, the same rule also applies to a limited liability company ("LLC"). *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (discussing corporations but stating "the rationale for that rule applies equally to all artificial entities."); *Lattanzio v. Comm. on Massage Therapy Accreditation*, 481 F.3d 137, 140 (2d Cir. 2007) (citing *Rowland*). Defendant Phoenix Acquisition Group must therefore obtain and answer through licensed legal counsel, or risk having default entered against it. *Kipp v. Royal & Sun Alliance Personal Ins. Co.*, 209 F. Supp.2d 962, 962 (E.D. Wis. 2002).

**NOW**, this 8th day of January, 2010, **IT IS HEREBY ORDERED** that:

(1)     Plaintiff's Motion to Strike (Doc. 5) is **GRANTED**.

(2)     Defendant's Answer (Doc. 4) is **STRICKEN**.

(3)     Defendant has **twenty-one (21) days** from the date of this order to properly file an answer.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge