**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JEAN LAVELLE,

    Plaintiff,

v.

PHOENIX ACQUISITION GROUP, L.L.C.,

    Defendant.

CIVIL ACTION NO. 3:09-CV-2350

(JUDGE CAPUTO)

## **MEMORANDUM**

On November 23, 2010, a hearing was conducted on Plaintiff's Motion for Hearing to Assess Damages and Entry of Judgment in Sum Certain (Doc. 9) at which, evidence in the form of testimony of the Plaintiff and a detailed statement of legal services was received as Plaintiff's Exhibit 1. The Defendant did not appear.

Service of the complaint was effected on the Defendant in accordance with Fed. R. Civ. P. 4(b)(1)(A) and 4(e)(1). The Court has jurisdiction under 15 U.S.C. § 1692d.

The Defendant left seven messages on Plaintiff's answering machine. All seven failed to state they were from a debt collector; stated the Plaintiff should call back immediately; and, stated that Plaintiff was about to be served with legal process. In four of the seven voice mails, the Defendant suggested that Plaintiff had committed a crime and there would be criminal charges brought against her. In several of the calls, Defendant threatened to appear at Plaintiff's place of work and home. All of these contain violations of various provisions of the Act, including § 1692e(2)(4)(5) and (10).

In addition, Defendant telephoned Plaintiff's place of employment and left messages with co-workers that Plaintiff should call back immediately or she is going to be served and/or

arrested. These calls and content were made known to Plaintiff by the co-worker who received them. This conduct also violates various provisions of the Act, including § 1692b(1)(2)(3) and (5).

Plaintiff testified that while she suffered from anxiety before these calls, her anxiety was exacerbated by them, and she was embarrassed and humiliated by the calls to her work place. She testified as to the loss of sleep and general emotional upset during the two to three week period of the calls to home and work as well as for some undetermined period beyond that time.

The Plaintiff secured a default on February 24, 2010, and the Plaintiff is now entitled to a judgment by default in accordance with Fed. R. Civ. P. 55(b)(2). The Act allows for statutory damages of $1,000, as well as actual damages. § 1692k(1) and 2(A). Plaintiff will be awarded actual damages in the amount of $2,500 to compensate her for the exacerbation of her anxiety, the emotional trauma, embarrassment and humiliation caused by the calls to her home and workplace.

In addition, the Act allows for costs of the action and a reasonable attorney's fee determined by the Court. § 1692k(3).

Plaintiff's Exhibit 1 is a detailed statement of costs and legal fees prepared by Plaintiff's counsel. The costs are itemized, total $371.51, and will be awarded.

The determination of reasonable legal fees rests on the *Lodestar*, viz, a reasonable amount of time spent on the matter multiplied by a reasonable hourly rate. The rate of $275.00 per hour for this service in this area is reasonable. The hourly rate of $85 per hour for a paralegal is likewise reasonable in this area. The hours expended, upon review, require an adjustment. Time recorded for research regarding the type of damages available

under state law appears to be unrelated to this federal action. Therefore, 1.20 hours multiplied by $275, or $330 will be deducted from the total fees. In addition, on November 20, 2009, there was a charge of .90 hours multiplied by $275, or $247.50 to begin to draft complaint. On November 23, 2009, there was a charge of 2.20 hours multiplied by $275, or $605 to prepare a draft complaint, and a charge of .30 multiplied by $275, or $82.50 to revise draft complaint. Viewing the complaint, it is reasonable to allow 1.50 hours for all of these functions instead of 3.40 hours. This converts to an allowance of $412.50 instead of $935, or a reduction of $522.50. The hours of the paralegal are reasonable, and require no further adjustment. The total fees claimed were $8,301. With the foregoing adjustments, the total fees allowed will be $7,448.50.

    An appropriate Order follows.

Date: December 3, 2010                           /s/ A. Richard Caputo
                                                            A. Richard Caputo
                                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JEAN LAVELLE,

    Plaintiff,

v.

PHOENIX ACQUISITION GROUP, L.L.C.,

    Defendant.

CIVIL ACTION NO. 3:09-CV-2350

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 3rd day of December, 2010, **IT IS HEREBY ORDERED** that judgment be entered in favor of the Plaintiff, Jean Lavelle, and against the Defendant, Phoenix Acquisition Group, L.L.C., by default in the total amount of $11,320.01, which consists of:

1. Actual damages of $2,500;
2. Statutory damages of $1,000;
3. Costs of $371.51; and,
4. Counsel fees of $7448.50.

                                              /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge